## SHERER'S APPEAL.

Where a man gives his estate to his widow for life, and appoints her his executrix, she cannot be compelled to enter security for the remainder man, unless it is shown she is wasting the estate.

Appeal from the Orphans' Court of Lehigh County. No. 291 January Term, 1880.

The following comprises all, except the formal parts, of Edward Sherer's will.

*Item.* I direct, authorize and empower my said executrix, whenever she shall think proper, to collect, by legal process or otherwise, all moneys due, owing or payable to me in mortgages, judgments, bonds, notes, book accounts or otherwise, and also to sell, transfer and absolutely dispose of a part or the whole of my bank and other corporation stocks and bonds, at a fair market price or value thereof, and the proceeds and moneys arising and accruing from said collections and sales, I order and direct to be again at will securely invested at interest by her and in her name as my executrix.

*Item.* I give, devise and bequeath to my beloved wife, Elizabeth Sherer, for and during all the term of her natural life, all my estate, real, personal and mixed, including my brick dwelling-house and lot of ground, with the outbuildings and appurtenances thereunto belonging, situate on the west side of North Ninth street, between Hamilton and Linden streets, in the said City of Allentown, where we now live, and also my bank and other corporation stocks and bonds, and my moneys at interest. She, my said wife, to receive, take, have, hold, use and enjoy all the rents, interests and incomes of the same, and also to have the use and possession of my said brick dwelling-house and lot of ground, with the outbuildings and appurtenances thereunto belonging, as aforesaid, for and during all the term of her natural life, with the privilege, right and authority to her to sell, as my executrix, a part or the whole of my said real estate, if she shall think proper, and by a good and sufficient deed or deeds convey, confirm and assure the same to the purchaser or purchasers thereof, in fee simple, and the moneys and proceeds arising and accruing from such sale or sales I order and direct to be again at once

in part or in whole invested in the purchase of real estate, or, at her discretion, placed securely at interest, and in the manner as is hereinbefore directed to be done with other moneys coming into the hands of my said executrix as aforesaid.

*Item.* I give, devise and bequeath to my eight children, to wit : Hannah E., wife of Stephen Knauss, George B. Sherer, Anna C., wife of John Hecker, William E. Sherer, Thomas J. Sherer, James B. Sherer, Franklin J. Sherer and Joseph P. Sherer, on the death of my said wife, all my said estate, real, personal and mixed, hereinbefore devised and bequeathed to her, my said wife, during all the term of her natural life, as aforesaid, and all the rest, residue and remainder of my estate, they, my said eight children, to take, receive, have and hold the same, to them in equal shares to each and their respective heirs and assigns forever. *Lastly.* I hereby constitute and appoint my said wife, Elizabeth Sherer, to be the executrix of this my last will and testament, with the express provision that she, my said executrix, shall not be required to file an inventory of my said estate, and not to settle an account thereof.

---

W. E. Sherer, one of the remainder men, presented a petition, asking that the life tenant be required to enter security under the Act of February 4, 1834, P. Laws, 83.

The Orphans' Court dismissed the petition, and W. E. Sherer then appealed to the Supreme Court.

*Messrs. W. P. Snyder, E. Harvey and A. B. Longaker,* for appellant, cited Act February 17, 1871, P. Laws, 269 ; Buist's Estate, 8 Phila., 194 ; Parker's Appeal, 61 Pa., 478 ; Reiff's Appeal, 60 Pa., 361; Duval's Appeal, 38 Pa., 120 ; Clevenstine's Appeal, 15 Pa., 495.

*Deshler Bros., contra,* cited Hambright's Appeal, 2 Grant, 320 ; Kinnard vs. Kinnard, 5 Watts, 108 ; Paul's Estate, 42 Pa., 25 ; White's Estate, 1 W. N. C., 114.

The **Supreme Court** affirmed the judgment of the Orphans' Court, on March 14, 1881, in the following opinion,

PER CURIAM :

It is perfectly clear that Edward Sherer intended by his will to confer upon his widow, whom he appointed sole execu-

trix, absolute control over his estate. He made it an express provision, as he himself calls it, that she should not be required to file an inventory, nor to settle an account. It is true that she is legatee for life of the personalty, but as long as the account is not settled, she necessarily continues to hold it as executrix. Doubtless if she were shown to be wasting or mismanaging the estate she could be compelled to give security or be dismissed. The case, we think, is neither within the words, nor the spirit of the Act of February 24, 1834, Sect. 49 P. Laws, 83.

         Decree affirmed and appeal dismissed at the costs of the appellant.